[Cite as *In re L.L.*, 2013-Ohio-599.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF:<br>L.L., B.S., I.L.<br><br>ALLEGED DEPENDENT CHILDREN | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J.<br><br>Case No. 12 CAF 07 0039<br><br>O P I N I O N |
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Juvenile Division, Case Nos. 12-03-0788AB, 12-03-0789AB,12-03-0790AB |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT: | February 13, 2013 |

APPEARANCES:

For Appellant-Mother

O. ROSS LONG
125 North Sandusky Street
Delaware, OH 43015

For Steve Kuhn

DONALD WORLY
43 East Central Avenue
Delaware, OH 43015

For Brandon Long

THOMAS VATSURES
15 West Central Avenue
Delaware, OH 43015

For Appellee

KATHERYN L. MUNGER
140 North Sandusky Street
3rd Floor
Delaware, OH 43015

Guardian ad Litem

LYNNE SCHOENLING
107 West Johnstown Road
Gahanna, OH 43230

*Farmer, J.*

{¶1}   On March 28, 2012, appellee, the Delaware County Department of Job and Family Services, filed a complaint alleging L.L. born October 27, 2008, B.S. born February 15, 2010, and I.L. born September 7, 2011, to be dependent children under R.C. 2151.04(B) and (C).   Mother of the children is appellant, Jessica Long; father of L.L. and I.L. is appellant's husband, Brandon Long, and father of B.S. is Steve Kuhn.

{¶2}   A hearing commenced on June 12, 2012.[1]   By judgment entry filed June 27, 2012, the trial court found the children to be dependent under R.C. 2151.04(C).

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ERRED WHEN IT FOUND THE MINOR CHILDREN TO BE DEPENDENT CHILDREN UNDER ORC 2151.04(C)."

II

{¶5}   "THE TRIAL COURT ERRED WHEN IT HEARD EVIDENCE THAT WAS OUTSIDE THE ALLEGATIONS CONTAINED IN THE COMPLAINT."

I

{¶6}   Appellant claims the trial court erred in finding the children to be dependent under R.C. 2151.04(C).  We disagree.

{¶7}   R.C. 2151.04 defines "dependent child."   Subsection (C) defines a dependent child as any child "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship."   An

---

[1]We note a transcript of the hearing was unavailable, so an agreed transcript was filed for our review.

adjudication of dependency requires clear and convincing evidence. Juv.R. 29(E)(4). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. See also, *In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* at 477.

{¶8} Appellant argues at the time of the filing of the complaint, the children were not dependent as they were in a safe, clean environment in the home of their paternal great-grandmother, Bertha Conley. Appellant and her husband, Brandon Long, also resided with Ms. Conley. Mr. Long is Ms. Conley's grandson. Appellee conceded the care in Ms. Conley's home was adequate.

{¶9} Although the trial court acknowledged the care given by Ms. Conley, it concluded the following in its June 27, 2012 judgment entry:

> Prior to the filing of the Complaint, DCDJFS had already informally intervened with the family. DCDJFS established a safety plan with the family in which Ms. Long was not to be left unsupervised with the children. Mr. and Ms. Long did not make formal arrangements for Ms. Conley to care for the children. Ms. Conley did so because of her own desire and the necessity to ensure the children's safety.
>
> Although the children were being cared for by Ms. Conley when the Complaint was filed, the children were not in a secure placement. Ms.

Long could have taken the children with her at any moment and left the Conley residence, as she had previously done in October 2011. Although a safety plan prohibited Ms. Long from leaving the residence with the children, there were no legal or enforceable safeguards in place to guard against such action.

{¶10} The trial court also noted appellant's lack of commitment to care for the children:

Further, Mr. and Ms. Long were not in a position to adequately care for the children without assistance. The testimony presented at Trial demonstrates that Ms. Long was in an altered mental state. She frequently fell asleep without notice and slept until late in the day. Ms. Long was unable to meet the children's basic needs and relied on Ms. Conley and Mr. Long to care for the children. Mr. Long voiced concerns that Ms. Long was abusing prescription medication. Though Ms. Long never tested positive for drug use, close family and friends all expressed alarm at her behaviors.

Ms. Long herself testified that she suffered a medical condition that caused her to nod off throughout the day. Ms. Long testified that she had trouble remembering basic details about important events, a fact that was made evident by her testimony at Trial. The evidence presented demonstrates that the children would not have been safe and adequately protected if Ms. Conley was not present to care for them. Mr. and Ms.

Long were not ensuring that the children were being cared for. Instead, the children were being cared for despite Mr. and Ms. Long's actions.

{¶11} Julie Showalter, an intake investigator for appellee, testified to Ms. Conley's ability to care for the children, and opined appellant's attitude toward the care of the children was one of disinterest. Lance Wise, the ongoing caseworker assigned to the case, also testified as to the care given by Ms. Conley, and also explained that appellant had not followed through on the case plan for drug assessment. While Mr. Long and appellant lived in Ms. Conley's home, the care of the children was left to Ms Conley. Mr. Long testified he was concerned about appellant's drug use, parenting skills, and lack of care for the children. Because he was employed, the care of the children fell to Ms. Conley. Appellant and Ms. Conley do not get along. Appellant argues Ms. Conley does not favor B.S. and permits sibling abuse to B.S. because she is not a blood relative.

{¶12} Ms. Conley is 71 years of age and is responsible for the care of the three children, ages 3, 2, and almost 1 year, even when appellant is in the home. Ms. Conley is concerned about appellant's threats to remove the children from the home. Officer Adam Graham, called to investigate a domestic dispute involving appellant, also testified that appellant wanted to remove the children from Ms. Conley's home.

{¶13} During a previous case plan, appellant disregarded the placement, left the county, and did not tell the agency where she was. Appellant denied not informing the agency of the move.

{¶14} In its June 27, 2012 judgment entry, the trial court assessed the relationships as follows:

In addition, the children's young age contributes to finding of dependency. The children, ages 3, 2 and almost 1, are unable to protect themselves. The children are completely dependent on their guardian for care. Mr. and Ms. Long's continued instability leaves the children at risk of harm.

Finally, the couple's unstable relationship leaves the children equally vulnerable. Testimony presented at trial reveals that the parents frequently argued with each other. The arguments have become physical at times. The arguments have resulted in law enforcement being called to the residence. Several of these arguments occurred in the presence of the children. Testimony presented at Trial indicates that the children appeared scared and frightened by their parents' behavior. Both parents testified that the other parent is lying in their testimony. The inconsistency in testimony itself leads the Court to believe that the environment as it existed on March 28, 2012 warranted the State's involvement.

{¶15} The trial court found the children dependent despite the fact that the father of two of them lived in Ms. Conley's home. We do not find this to be an inconsistent finding. The entire tenor of the testimony was that the only care and nurturing the children received was from Ms. Conley.

{¶16} Upon review, we find clear and convincing evidence to support the dependency finding.

{¶17} Assignment of Error I is denied.

II

{¶18} Appellant claims the trial court erred in permitting evidence outside the complaint. We disagree.

{¶19} The admission or exclusion of evidence lies in the trial court's sound discretion. *State v. Sage,* 31 Ohio St.3d 173 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶20} Appellant argues the testimony of alleged incidents of misconduct *i.e.,* a domestic dispute involving her brother and another at Ms. Conley's residence, were not included in the allegations of the complaint, and they were irrelevant to the claim of dependency. We note on June 7, 2012, the trial court granted appellee's request to amend the complaint to include, "DCDJFS has ongoing concerns for discord between Jessica Long and her family members."

{¶21} "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Evid.R. 402 provides:

> All relevant evidence is admissible, except as otherwise provided
> by the Constitution of the United States, by the Constitution of the State of
> Ohio, by statute enacted by the General Assembly not in conflict with a
> rule of the Supreme Court of Ohio, by these rules, or by other rules

prescribed by the Supreme Court of Ohio.  Evidence which is not relevant is not admissible.

{¶22}  Both of the incidents occurred during the pendency of the complaint and reflected on the two issues presented: appellant's drug use and demeanor.  In reading the trial court's decision, we find it did not rely on the incidents in its legal conclusions; any testimony concerning the incidents was not error.

{¶23}  Assignment of Error II is denied.

{¶24}  The judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.

s/ Sheila G. Farmer_____

s / Patricia A. Delaney_____

s / William B. Hoffman_____

JUDGES

SGF/sg

[Cite as *In re L.L.*, 2013-Ohio-599.]

IN THE COURT OF APPEALS FOR DELAWARECOUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | | |
| L.L., B.S., I.L. | : | |
| | : | |
| ALLEGED DEPENDENT CHILDREN | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| | : | CASE NO. 12 CAF 07 0039 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s / Patricia A. Delaney_____

s / William B. Hoffman_____

JUDGES